IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| WILLIE YORK, | Case No. 14-CV-02471 RS |
| Plaintiff, | |
| v. | **TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| BANK OF AMERICA, CHAMPION MORTGAGE and DOES 1-50, inclusive, | |
| Defendants. | |

## I. TEMPORARY RESTRAINING ORDER

In consideration of plaintiff Willie York's application for a temporary restraining order, the supporting documents submitted therewith, and the complaint, this order finds that York is entitled to temporary injunctive relief. Although this case remains at the earliest stages of litigation, York has nonetheless demonstrated entitlement to a temporary restraining order under Federal Rule of Civil Procedure 65 for the limited purpose of preserving the relative positions of the parties pending further proceedings. *See Alliance for Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011) (temporary injunctive relief may be granted if moving party adequately shows: (1) there are serious questions going to the merits, (2) absent relief, there is a likelihood of irreparable harm, (3) that the balance of the equities tips sharply in movant's favor, and (4) that issuance of injunctive relief serves the public interest). *See also Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

York is a 78-year-old homeowner who claims that Bank of America and Champion Mortgage, unless restrained, will cause an unlawful foreclosure sale tomorrow, June 4, 2014, of York's home at 80 Conkling Street, San Francisco, California. According to York, defendants engaged in misrepresentation and various predatory lending practices to obtain an initial reverse mortgage on the property in 2007. York further alleges that in 2009, Bank of America obtained a second reverse mortgage through fraudulent means without his knowledge or consent. According to York, defendants' conduct violated various state and federal laws, including the Truth in Lending Act, 15 U.S.C. § 1639, *et seq.*, the Real Estate Settlement Procedures Act, 12 U.S.C. § 2602, *et seq.*, and the California Homeowner Bill of Rights. York, who has purportedly occupied the same residence for forty-five years, will lose his home if the June 4 foreclosure sale is permitted to go forward.

Defendants have not responded to York's request for temporary relief. York lodged his complaint and application for a temporary restraining order on May 29, 2014. (ECF Nos. 1 and 2). That same day, defendants were ordered to file a written response, if any, by the afternoon of June 2, 2014. (ECF No. 3). The same order instructed York to serve all relevant filings on defendants by May 30, 2014. On June 2, after the deadline passed without a response from defendants, York lodged two affidavits purporting to show that service had been effected on Bank of America and Champion Mortgage. As of the date of the issuance of this order, defendants still have not appeared or lodged any sort of response to York's request.

In the absence of a response from defendants, it is impossible to tell whether, or on what grounds, defendants would oppose York's request. Nonetheless, York has demonstrated that he is entitled to a temporary restraining order to prevent the sale of his home. First, there are "serious questions going to the merits" of his claim that the 2009 reverse mortgage, which allegedly triggered the impending foreclosure sale, is invalid or subject to rescission. *See Cottrell*, 632 F.3d at 1135. York avers that the mortgage was obtained through fraud or forgery. "A forged document is void ab initio and constitutes a nullity; as such it cannot provide the basis for a superior title as against the original grantor." *Schiavon v. Arnaudo Bros.*, 84 Cal. App. 4th 374, 380 (2000) (citation, quotation marks, and alterations omitted). He further alleges that defendants violated the

California Homeowner Bill of Rights by, among other things, failing to contact him to discuss alternatives to foreclosure at least thirty days prior to recording a Notice of Default.  These claims, if true, could bar defendants from executing a foreclosure sale of York's home.  Second, absent immediate injunctive relief, York will suffer the irreparable harm of losing his home.  *See Gonzalez v. Wells Fargo Bank*, C 09-03444 MHP, 2009 WL 3572118 (N.D. Cal. Oct. 30, 2009) ("Since real property is considered unique, foreclosure on one's property may constitute irreparable harm.").  Third, the balance of the equities tips sharply in plaintiff's favor.  While the threat of irreparable harm to York is significant, defendants will at most endure some inconvenience or slight financial loss if the sale is postponed pending a preliminary injunction hearing.  *See Jackmon v. Am's Servicing Co.*, C 11-03884 CRB, 2011 WL 3667478 (N.D. Cal. Aug. 22, 2011).  Finally, "[t]he public interest is served by affording homeowners the opportunity to pursue facially valid claims before their homes are sold." *Id.* (citation and quotation marks omitted).  Accordingly, York satisfies all four elements of the test for temporary injunctive relief.

As a consequence, and pending a hearing on the order to show cause as set forth below, <u>defendants Bank of America and Champion Mortgage, their employees, agents, servants, assigns, and all those acting in concert with them, are hereby restrained and enjoined from directly or indirectly selling or attempting to sell the real property located at 80 Conkling Street, San Francisco, California.</u>  This temporary restraining order shall expire at the conclusion of the hearing on the order to show cause on June 17, 2014, unless extended by further order. *See* Fed. R. Civ. P. 65(b)(2) ("order expires at the time after entry—not to exceed 14 days—that the court sets, unless before that time the court, for good cause, extends it for a like period").

Federal Rule of Civil Procedure 65(c) directs the court to require security from the moving party "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."  Here, however, there is no indication in the record that defendants will suffer any costs or damages by complying with this order, even if wrongfully issued.  The district court retains discretion "as to the amount of security required, *if any*," and in this instance York need not post any bond.  *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original).

## II. ORDER TO SHOW CAUSE

Defendants are further ordered to show cause why a preliminary injunction should not issue upon dissolution of the temporary restraining order. A hearing on that matter will be held at <u>10:00 a.m. on Tuesday, June 17, 2014</u> in Courtroom 3, 17th Floor, Phillip Burton Federal Building and U.S. Courthouse, 450 Golden Gate Avenue, in San Francisco, California, unless the parties agree to postpone the hearing with the court's consent.

IT IS SO ORDERED.

Dated: 6/3/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE