UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE YORK,<br><br>               Plaintiff,<br><br>   v.<br><br>BANK OF AMERICA, CHAMPION<br>MORTGAGE and DOES 1-50, inclusive,<br><br>             Defendants. | Case No. 14-CV-02471 RS<br><br>**ORDER REGARDING SERVICE OF SUMMONS** |

On June 17, plaintiff was ordered to file supplemental declarations by Thursday, June 19, 2014 showing that, in accordance with Rule 4 of the Federal Rules of Civil Procedure, defendants have been adequately served with a summons and a copy of the complaint.  (Order Extending Temporary Restraining Order, ECF No. 17).  Plaintiff's subsequent filings did not comply with that order.  First, no supplemental declaration was filed until June 20.  (ECF No. 20).  Second, and more troubling, it is not apparent that plaintiff's service of summons comports with Rule 4.

On June 19, plaintiff lodged a copy of the summons issued to defendants Champion Mortgage and Bank of America.  (ECF No. 23).  According to plaintiff, the summons was mailed to defendants at the following addresses:

CHAMPION MORTGAGE
P.O. Box 91322
Seattle, Washington 98111

BANK OF AMERICA
P.O. Box 5170
Simi Valley, CA 93062-5170

*Id.*

Under Rule 4(h)(1)(A), service of summons on a domestic entity can be effected "in the manner prescribed by Rule 4(e)(1) for serving an individual."[1]  That Rule, in turn, provides the recipient may be served by:

> following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]

When serving an entity via mail, a California plaintiff must comply with California Code of Procedure § 416.10.[2]  *Dill v. Berquist Constr. Co.*, 24 Cal. App. 4th 1426, 1434 (1994).  That section provides that, when serving a corporation, the plaintiff must deliver the summons and complaint to a corporate officer, a general manager, "or a person authorized by the corporation to receive service of process."[3]

It is not enough where, as here, the plaintiff simply mails the requisite documents to the corporation's general business address.  In *Dill v. Berquist Constr. Co.*, the plaintiff mailed the

---

[1] Rule 4(h)(1)(B) further provides that a domestic entity may be served:

> by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Here, however, there is no indication that a copy of the summons was delivered to any of defendants' officers or agents.  Although plaintiff served various other documents by hand on Bank of America, *see* ECF Nos. 17 and 24, it appears that a copy of the summons was not included.

[2] Under CCP § 415.40 (governing service by mail of out-of-state defendants) and § 415.30 (service by mail of in-state defendants), the plaintiff must serve "the person to be served."  When the defendant is a corporation, the "person to be served" is defined by § 416.10.

[3] More specifically, the documents may be delivered to "the president, chief executive officer, or other head of the corporation, a vice president, a secretary or assistant secretary, a treasurer or assistant treasurer, a controller or chief financial officer, a general manager, or a person authorized by the corporation to receive service of process."  § 416.10(b).  When serving a bank, the plaintiff may deliver a copy of the summons and complaint "to a cashier or assistant cashier."  § 416.10(c).  Again, although various persons at Bank of America were served by hand, there is no indication they were served with a copy of the summons.

2

summons directly to the corporate defendant, "rather than to any of the statutorily described persons to be served." 24 Cal. App. 4th at 1434. The Court of Appeal held that, absent some evidence that the documents nonetheless made it to one of the individuals specified by the statute, the plaintiff failed to prove "substantial compliance" with § 416.10. *Id.* at 1437. Here, like in *Dill*, plaintiff's mailings were not addressed to any particular officer or agent of the defendant corporations. *See El-Aheidab v. Citibank (S. Dakota), N.A.*, 2012 WL 506473 (N.D. Cal. Feb. 15, 2012) (under California law, "[a]ddressing unknown persons by their titles, rather than their names, is sufficient"); *Dill*, 24 Cal. App. 4th at 1438 n. 11 ("Had Dill addressed the envelope containing the summons to one of the persons to be served, the service by mail would have been effective. If the names of those officers are unknown to a plaintiff, we see no problem in addressing them solely by their titles.").

None of this is to say with certainty that plaintiff has failed to effect adequate service of summons. On the present record, however, it is simply unclear whether any of plaintiff's attempts are sufficient under Rule 4. Regardless of the merits, unless defendants have notice of the proceedings against them, the court will be foreclosed from entering further preliminary injunctive relief upon the July 1, 2014 expiration of the temporary restraining order. If plaintiff wishes to guard against that possibility, he should comply with the prior order and submit further proof of effective service of summons forthwith.


IT IS SO ORDERED.

DATED: 6/23/14

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

14-cv-02471 ORDER REGARDING SERVICE