UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

WILLIE YORK, et al.,

    Plaintiffs,

v.

BANK OF AMERICA, et al.,

    Defendants.

Case No. 14-cv-02471-RS

**ORDER DENYING SURETY BONDING COMPANY OF AMERICA'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION**

## I. INTRODUCTION

Defendant Surety Bonding Company of America ("SBCA") seeks leave to file a motion for reconsideration of the October 5, 2016, order granting in part and denying in part its motion to dismiss. For the reasons that follow, SBCA's motion for leave is denied.

## II. LEGAL STANDARD

A party seeking leave to file a motion for reconsideration "must specifically show reasonable diligence in bringing the motion," and, relevant here, "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before [the] order [of which reconsideration is sought]." Civ. Local R. 7-9(b).

## III. DISCUSSION

SBCA seeks leave to file a motion for reconsideration of two holdings in the prior order: (1) that, as a surety, SBCA was not protected by the statute of limitations in California Code of Civil Procedure section 338(f); and (2) that plaintiffs properly pleaded claim for aiding and abetting elder financial abuse and unfair business practices against SBCA. It invokes as a basis for its motion the "manifest failure" provision of Civil Local Rule 7-9(b)(3). SBCA also argues it should be granted leave to file a motion for reconsideration because holdings in the prior order amounted to "clear error." *See Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571

F.3d 873, 880 (9th Cir. 2009). Clear error, however, is a basis for granting a motion for reconsideration, *see id.*, not for granting a motion for leave to file a motion for reconsideration. *See id.*; Civ. Local R. 7-9(b).

The motion for leave has multiple deficiencies. To begin with, SBCA has not shown "reasonable diligence" in bringing the motion. The order it seeks reconsideration of issued on October 5, 2016; SBCA filed this motion 35 days later on November 9. It has given no reason for this lengthy delay, and its motion contains no new facts or law justifying the stale filing. Accordingly, SBCA's motion for leave is denied. *See Largan Precision Co, Ltd v. Genius Elec. Optical Co.*, No. 13-CV-02502-JD, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015) (holding a delay of over four weeks in filing a motion for reconsideration did not constitute reasonable diligence).

Moreover, SBCA has not demonstrated the Court's manifest failure to consider the arguments raised in the motion to dismiss. The prior order comprehensively considered the relevant statutes and case law to conclude both that SBCA was not protected by the statute of limitations in section 338(f), and that plaintiffs properly pleaded unfair business practices and aiding and abetting elder financial abuse claims against SBCA because they pleaded the same claims against notary Agnes McNamara, and SBCA is statutorily liable for McNamara's misconduct via California Government Code section 8214.

The closest SBCA comes to demonstrating "manifest failure" is in alluding to the prior order's failure to site *Butterfield v. Nw. Nat'l Ins. Co.*, which is indeed a strong authority for its statute of limitations argument. 100 Cal. App. 3d 974, 979 (1980) (concluding the statute of limitations in section 338(f) applies to sureties). SBCA's motion to dismiss briefs, however, did not properly present *Butterfield* as a basis for their argument. Those briefs merely stated, perfunctorily, that an earlier order has dismissed as time-barred claims against notary Stephen Talcott, and had cited *Butterfield* in so doing.[1] These stray mentions of *Butterfield* do not amount

---

[1] "The Court's Order . . . issued after Talcott's motion to dismiss the Second Amended Complaint, states that the claims against Talcott . . . were time barred and therefore dismissed. The Court

to an argument compelling the Court's consideration, especially given that the Talcott order was of almost no relevance in deciding SBCA's motion to dismiss. The Talcott order held claims against notaries were time-barred per section 338(f); SBCA's motion raised the altogether different question of whether section 338(f)'s limitations period extends to sureties. Thus, SBCA's references to the Talcott order simply begged the question its motion to dismiss raised. Any argument that *Butterfield* compelled the conclusion SBCA was protected by the section 338(f) statute of limitations was not coherently advanced in its motion to dismiss. *See United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("Judges are not like pigs, hunting for truffles buried in briefs.").

Otherwise, SBCA gets nowhere near demonstrating "manifest failure," a shortcoming obvious in the new arguments and authorities it presents without showing why, "in the exercise of reasonable diligence," it could not have made them in its motion to dismiss briefs, Civ. Local R. 7-9(b)(1). SBCA's inability to show "manifest failure" thus provides a further basis for the denial of its motion.

## IV.  CONCLUSION

SBCA's motion for leave to file a motion for reconsideration is denied.

**IT IS SO ORDERED**.

Dated: December 2, 2016

_____
RICHARD SEEBORG
United States District Judge

---

based its order on the grounds that an action on notarial malfeasance is time barred after six years from the date of the notarial act, citing Cal. Code Civ. P. 338(f)(1), (3), and *Butterfield v. Northwestern National Insurance Company*, 100 Cal. App. 3d 974, 979 (1980)." SBCA's Mot. to Dismiss 5; *see also* SBCA's Reply to Opp'n 2 (making a virtually identical statement).